Citation Nr: 1617306 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 11-29 220 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Appellant represented by: Missouri Veterans Commission


ATTORNEY FOR THE BOARD

M. M. Lunger, Associate Counsel






INTRODUCTION

The Veteran had active service from April 1969 to March 1971.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2010 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO).

In June 2015, the Board remanded the case for further development. There has been substantial compliance with the Board's remand directives. Stegall v. West, 11 Vet. App. 268 (1998).

The issue of entitlement to an extraschedular TDIU for the period prior to October 27, 2011 is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. Service connection is in effect for a left knee disability, status post total arthroplasty, a right knee disability, status post arthroplasty, a pain disorder with psychological features, secondary to the service-connected left knee disability, and a lumbar spine disability.

2. For the period from October 27, 2011 to March 31, 2014, and since June 1, 2015, the schedular criteria for TDIU are met, and during these periods, the Veteran has been precluded from obtaining and maintaining substantially gainful employment due to his service-connected disabilities.

3. The case presents such an exceptional or unusual disability picture as to possibly render impractical the application of the regular schedular standards.



CONCLUSIONS OF LAW

1. From October 27, 2011 to March 31, 2014, and since June 1, 2015, the criteria for entitlement to a TDIU on a schedular basis have been met. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. § 4.16(a) (2015).

2. For the periods from July 16, 2009 to August 2, 2009, and from October 1, 2010 to October 26, 2011, the Veteran is entitled to consideration of the assignment of a TDIU rating on an extraschedular basis. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. § 4.16(b) (2015).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran contends that he is entitled to TDIU because he is prevented from securing or following substantially gainful employment due to his service-connected disabilities.

Total disability ratings for compensation may be assigned, where the schedular rating is less than total, when the disabled person is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities, provided that if there is only one such disability, this disability shall be ratable at 60 percent or more, and that, if there are two or more such disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a).

Disabilities resulting from common etiology or a single accident or disabilities affecting a single body system will be considered as one disability for the above purposes of one 60 percent disability or one 40 percent disability. 38 C.F.R.
§ 4.16(a).

A review of the record reflects that with the exception of the periods from July 16, 2009 to August 2, 2009, and from October 1, 2010 to October 26, 2011, the schedular criteria for TDIU have been met. The evidence of record also supports a finding that for the periods where the schedular criteria were met, the Veteran was not able to secure or follow a substantially gainful occupational as a result of his service-connected disabilities. See, e.g., the July 2009 Determination from the Social Security Administration finding the Veteran to be disabled as of September 2008 as a result of osteoarthritis and allied disorders, and the December 2015 Social Work and Industrial Survey which confirmed that the Veteran's limitations and restrictions regarding employment are related to his orthopedic disorders. As such, the Board concludes that with the exception of the periods from July 16, 2009 to August 2, 2009, and from October 1, 2010 to October 26, 2011, the Veteran is entitled to the assignment of a schedular TDIU rating.

As the evidence also reflects that the Veteran's service-connected disabilities precluded him from substantially gainful employment during the periods from July 16, 2009 to August 2, 2009, and from October 1, 2010 to October 26, 2011, and the 
Board is precluded from assigning a TDIU on an extraschedular basis in the first instance, the Board finds that referral of this aspect of the Veteran's claim to the Director of VA's Compensation and Pension Service for an initial assessment is warranted. 


ORDER

Subject to the law and regulations governing payment of monetary benefits, during the period from October 27, 2011 to March 31, 2014, and since June 1, 2015, a schedular TDIU is granted.


REMAND

Having determined the Veteran is entitled to extra-schedular consideration for a TDIU rating, the Board refers this case to the Under Secretary for Benefits or to the Director of Compensation Service. Bowling v. Principi, 15 Vet. App. 1, 10 (2001); Floyd v. Brown, 9 Vet. App. 88 (1996).

Accordingly, the case is REMANDED for the following action:

1. After completing any development deemed appropriate, refer the case to the Director of VA's Compensation Service for a determination in the first instance as to whether the assignment of a TDIU on an extraschedular basis is warranted for the periods from July 16, 2009 to August 2, 2009, and from October 1, 2010 to October 26, 2011.

2. Then, readjudicate the appeal. If any benefit sought is denied or is not granted in full, furnish the Veteran and his representative a supplemental statement of the case and return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
S. C. KREMBS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs